UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ————————————— x | | |
| JAMES QUAN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:11-cv-02279-CM |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ADVANCED BATTERY TECHNOLOGIES, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| ————————————— | : | |
| JAMES M. BURNS, SR., Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:11-cv-02354-CM |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ADVANCED BATTERY TECHNOLOGIES, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| ————————————— x | | |

[Caption continued on following page.]


MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN R. OVERTON FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

_____ x

ARNOLD COHEN, Individually and on Behalf :    Civil Action No. 1:11-cv-02849-UA
of All Others Similarly Situated,          :
                                          :    <u>CLASS ACTION</u>

                Plaintiff,     :

       vs.                               :

ADVANCED BATTERY TECHNOLOGIES,    :
et al.,                                       :

                Defendants.    :
_____ :

GEOFF CONNORS, Individually and on      Civil Action No. 1:11-cv-03098-CM
Behalf of All Others Similarly Situated,    :
                                          :    <u>CLASS ACTION</u>

                Plaintiff,     :

       vs.                               :

ADVANCED BATTERY TECHNOLOGIES,    :
et al.,                                       :

                Defendants.    :
_____ x

## I.       PRELIMINARY STATEMENT

Presently pending in this District are four securities class action lawsuits (the "Actions") brought on behalf of purchasers of the common stock of Advanced Battery Technologies, Inc. ("ABAT" or the "Company") between November 24, 2008 and March 30, 2011, inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff James R. Overton hereby moves this Court for an Order:  (i) consolidating the related Actions pursuant to Federal Rules of Civil Procedure 42(a); (ii) appointing him as Lead Plaintiff in the Actions pursuant to the PSLRA; and (iii) approving his selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

This motion is made on the grounds that the Actions pending in this District involve common questions of law and fact, rendering consolidation appropriate.  Further, Mr. Overton is the most adequate plaintiff as defined by the PSLRA because he possesses a significant financial interest in this Action, *see* Alba Decl. Ex. B,[1] and he otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

Accordingly, Mr. Overton should be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.

---

[1]       References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. in Support of the Motion of James R. Overton for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated May 31, 2011, and submitted herewith.

## II.      FACTUAL BACKGROUND

ABAT, through its subsidiaries, engages in the design, manufacture, and marketing of rechargeable polymer lithium-ion (PLI) batteries in the United States, Europe, and Asia.

The complaint[2] alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges:  (i) that the Company had failed to maintain proper internal controls; (ii) that ABAT's claimed distribution relationships with certain manufacturers of electric motorcycles and scooters reported to investors appeared to be false; (iii) that the Company reported financial statements were grossly inflated by including gross profit margins which were unrealistic for similar companies in its industry; and (iv) that as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On March 28, 2011, Variant View Research published an unfavorable report about ABAT's business practices, entitled "Advanced Battery Technologies (ABAT): The Most Egregious Chinese RTO," claiming that the Company had engaged in activities such as claiming unrealistic margins, falsifying distribution relationships with certain manufacturers, and issuing stock to repay a loan to the Company's Chairman, among other things.  In reaction to the Variant View Research report, shares of the Company's stock fell $1.50 per share, or 43%, to close at $2.01 per share.

---

[2] These facts are drawn from the allegations of the Complaint styled *James M. Burns, Sr. vs. Advanced Battery Technologies, Inc.*, *et al.* No. 11-cv-2354, filed on April 6, 2011.

## III.     ARGUMENT

### A.     The Related Actions Pending before this Court Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Thus, because these actions are based on the same facts and involve the same subject matter, further consolidation with the actions pending in this Court is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

### B.     Mr. Overton Should Be Appointed Lead Plaintiff

#### 1.     The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Marketwire*, a national, business-oriented newswire service, on April 1, 2011. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff,

- 3 -

whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### 2.   Mr. Overton Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a.   Mr. Overton Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on April 1, 2011), Mr. Overton timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the May 31, 2011 deadline.  Mr. Overton has signed and filed a Certification stating that he is willing to serve as the representative party on behalf of the class.  *See* Alba Decl. Ex. C.  In addition, Mr. Overton has selected and

retained competent counsel to represent him and the class.  *See* Alba Decl. Ex. D.  Accordingly, Mr. Overton is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b.    Mr. Overton Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, Mr. Overton incurred a substantial $9,391.57 loss on his transactions in ABAT securities made in reliance upon materially false and misleading statements and was injured thereby.  Alba Decl. Ex. B, C.  Mr. Overton, thus, has a substantial financial interest in this case. Upon information and belief, Mr. Overton possesses the largest financial interest of any movant seeking lead plaintiff status in the Actions.

### c.    Mr. Overton Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class

certification. *See In re McDermott Int'l, Inc. Sec. Litig.*, 2009 WL 579502, at *2 (S.D.N.Y. Mar. 6, 2009) ("[A]t this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23."). Mr. Overton satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).

Mr. Overton satisfies this requirement for the PSLRA claims because, just like all other class members, he: (1) invested in ABAT during the Class Period; (2) made those investments in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. Thus, Mr. Overton' claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Caiafa v. Sea Containers Ltd.*, 2006 WL 2381841, at *1 (S.D.N.Y. Aug. 14, 2006) (court appointed lead plaintiff whose "claims are 'typical' in that they 'arise form the same course of conduct that gives rise to the claims of the other class members'").

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Overton to represent the class to the existence of any conflicts between the interests of Mr. Overton and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with

those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation.  *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Mr. Overton is an adequate representative of the class.  As evidenced by the injury suffered by Mr. Overton based on materially false and misleading statements, his interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Overton' interests and those of the other members of the class.  Further, Mr. Overton has taken significant steps which demonstrate that he will protect the interests of the class:  he has retained competent and experienced counsel to prosecute these claims.  As shown below, Mr. Overton's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  *See Caiafa*, 2006 WL 2381841, at *1 n.3 (appointing lead plaintiff that "has a sufficient interest in the outcome of the case to ensure vigorous advocacy" and "has also retained counsel that is qualified, experienced and generally able to conduct the litigation.").

Accordingly, Mr. Overton *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.    The Court Should Approve Mr. Overton's Choice of Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, Mr. Overton has selected Robbins Geller to serve as Lead Counsel.  Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere.  *See, e.g., Lintz v. Agria Corp.*, No. 08-cv-3536, 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Robbins Geller's predecessor firm); *In re Orion Secs. Litig.*, No. 08-cv-1328, 2008 U.S. Dist. LEXIS 55368, at *17-18 (S.D.N.Y. July 8, 2008)

(same); Alba Decl., Ex. D.  Accordingly, the Court should approve Mr. Overton's selection of Lead Counsel.

## IV.    CONCLUSION

For all the foregoing reasons, Mr. Overton respectfully requests that the Court: (i) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint him as Lead Plaintiff in the Action; (iii) approve his selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  May 31, 2011                          ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                              SAMUEL H. RUDMAN
                                              DAVID A. ROSENFELD
                                              MARIO ALBA JR.


                                                      */s/ Mario Alba Jr.*
                                              _____
                                                   MARIO ALBA JR.

                                              58 South Service Road, Suite 200
                                              Melville, NY  11747
                                              Telephone:  631/367-7100
                                              631/367-1173 (fax)
                                              srudman@rgrdlaw.com
                                              drosenfeld@rgrdlaw.com
                                              malba@rgrdlaw.com

                                              [Proposed] Lead Counsel for Plaintiffs

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2011, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all

counsel of record.

*s/ Mario Alba Jr.*

MARIO ALBA JR.
