**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES QUAN, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, GUOHUA WAN and DAN CHANG, <br><br> Defendants. | Civil Action No.  11 CIV. 2279 <br><br> Judge Colleen McMahon |
| JAMES M. BURNS, SR., Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, <br><br> Defendants. | Civil Action No.  11 CIV. 2354 <br><br> Judge Colleen McMahon |

**MEMORANDUM IN SUPPORT OF BRIAN AND CHERI LARKOWSKI'S**
**MOTON TO CONSOLIDATE RELATED CASES, BE APPOINTED AS**
**LEAD PLAINTIFFS, AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL**

| | |
|---|---|
| ARNOLD COHEN, Individually and on Behalf of All Other Persons Similarly Situated, | |
| Plaintiff, | Civil Action No. 11 CIV. 2849 |
| v. | Judge Colleen McMahon |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, | |
| Defendants. | |
| GEOFF CONNORS, Individually and on Behalf of All Other Persons Similarly Situated, | |
| Plaintiff, | Civil Action No. 11 CIV. 3098 |
| v. | Judge Colleen McMahon |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, | |
| Defendants. | |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS ..............................................................................................1

ARGUMENT ..................................................................................................................2

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......................................2

        A.      The Court Should Resolve The Consolidation Issue As a Prerequisite to The
                Determination of Lead Plaintiff ...............................................................3

II.     THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS ....................3

        A.      The Procedure Required By The PSLRA ..................................................3

                1.      Movants Are Willing To Serve As Class Representatives ..........................5

                2.      Movants Are The Most Adequate Lead Plaintiffs ......................................5

                        a.      Movants Meet The Requirements Of Rule 23 Of The F.R.C.P. .......6

III.    MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED ................................7

CONCLUSION ...............................................................................................................9

## TABLE OF AUTHORITIES

**CASES**

*General Tel. Co. v. Falcon,*
  457 U.S. 147 (1982), *aff'd*, 815 F.2d 317 (5th Cir. 1987) ........................................................6

Johnson v. *Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990)...........................................................................................3

*Mitchell v. Complete Mgmt., Inc., Sec. Litig.,*
  No. 99-CV-1454, 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) .............................................3

*In re NASDAQ Market-Makers Antitrust Litig.,*
  172 F.R.D. 119 (S.D.N.Y. 1997) ...............................................................................6, 7

In *re Oxford Health Plans, Inc., Sec. Litig.,*
  182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................................6

*Primavera Familienstiftung v. Askin,*
  173 F.R.D. 115 (S.D.N.Y. 1997) .....................................................................................3

*Robidoux v. Celani,*
  987 F.2d 931 (2d Cir. 1993)..............................................................................................6

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
  216 F.R.D. 248 (S.D.N.Y. 2003) .....................................................................................6

*Weltz v. Lee,*
  199 F.R.D. 129 (S.D.N.Y. 2001) .....................................................................................6

**DOCKETED CASES**

*In re Cigna Corp. Sec. Litig.,*
  No. 2:02CV8088 (E.D. Pa. 2007) ......................................................................................8

*In re Deutsche Telekom AG Sec. Litig.,*
  No. 00-CV-9475 (SHS) (S.D.N.Y. 2005)...........................................................................8

*In re Initial Pub. Offering Sec. Litig. ("IPO"),*
  No. 21 MC 92 (SAS) (S.D.N.Y. 2009).............................................................................9

*In re Marsh & McLennan Cos. Sec. Litig.,*
  No. 04-CV-8144 (CM) (S.D.N.Y. 2009)...........................................................................8

*In re Royal Dutch/Shell Transport Sec. Litig.,*
  No. 04-374 (JAP) (D.N.J. 2008).......................................................................................8

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ...........................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i) ..............................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i)(II).....................................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ...........................................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..........................................................................................2, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ..................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).......................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(v) ..............................................................................................7

Fed. R. Civ. P. 23..................................................................................................................6

Fed. R. Civ. P. 42(a) .........................................................................................................1, 3

## PRELIMINARY STATEMENT

Presently pending before the Court are four related securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Advanced Battery Technology, Inc. ("Advanced Battery" or the "Company") during the period of November 24, 2008 and March 30, 2011, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Advanced Battery, Zhiguo Fu, Guohua Wan, and Dan Chang (the "Individual Defendants").

Class members Brian and Cheri Larkowski ("Movants") hereby move this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) consolidating the captioned actions for all purposes; (b) appointing Movants as lead plaintiffs in the Actions; and (c) approving Movants' choice of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the Class.

During the Class Period, Movants suffered a loss of approximately $70,000 stemming from their investments in Advanced Battery. Movants believe that their losses represent the largest financial interest in the outcome of the litigation.

## STATEMENT OF FACTS

Plaintiffs allege that Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's claimed distribution relationships with certain manufacturers of electric motorcycles and scooters were false; (2) the Company's reported financial statements were grossly inflated by including gross profit margins which were unrealistic for similar companies in its industry; (3) the Company paid $1.5 million to acquire a company that is non-existent; (4) the Company paid $20 million to purchase a company, but failed to disclose the

related party nature of the transaction; (5) the Company paid $22 million to acquire another company without disclosing that it was a bailout of a related company; (6) the Company misrepresented that it owned a Company subsidiary when it did not, or the Company failed to disclose that it entered into a related party transaction with the Company's Chairman and CEO which resulted in the owner of that subsidiary being the Chairman and CEO, and not Advanced Battery; (7) the Company lacked adequate internal and financial controls; and (8) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On March 30, 2011, Varient View Research ("Varient") published a report concluding "that the financial statements and management of Advanced Battery cannot be trusted and therefore the stock is worth zero." Varient claimed, among other things, that: (1) the Chairman transferred ownership of Advanced Battery's key subsidiary to himself without explanation or compensation; (2) Advanced Battery leads investors to think that it makes cutting-edge electric cars, when in fact it produces cheap scooters and bicycles; and (3) several of Advanced Battery's distribution relationships are non-existent.

On this news, the Company's shares declined $1.50 per share, or nearly 43%, to close on March 30, 2011, at $2.01 per share, on unusually heavy trading volume.

<u>ARGUMENT</u>

## I.   <u>THE RELATED ACTIONS SHOULD BE CONSOLIDATED</u>

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id*.

2

### A.  The Court Should Resolve The Consolidation Issue <u>As a Prerequisite to The Determination of Lead Plaintiff</u>

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a). Consolidation is particularly appropriate in securities class action litigation.  *See Mitchell v. Complete Mgmt., Inc., Sec. Litig.*, No. 99-CV-1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *see also Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

The complaints filed in the Actions are substantially similar and arise from the same set of facts and conduct.  As a result, the Court should consolidate the aforementioned cases, and any others filed subsequent to this motion.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."  Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As Movants have an interest in moving the Actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable.  A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of law and fact presented by the related actions now pending in this District.

## II.  <u>THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS</u>

### A.  <u>The Procedure Required By The PSLRA</u>

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant

to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them.  Therefore, Movants are entitled to the presumption that they are the most adequate lead plaintiffs to represent Plaintiffs and, as a result, should be appointed lead plaintiffs in the Actions.

### 1.   <u>Movants Are Willing To Serve As Class Representatives</u>

On April 1, 2011, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Advanced Battery and the Individual Defendants, and which advised putative class members that they had until May 31, 2011 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Movants have reviewed one of the complaints filed in the pending actions and have timely filed their motion pursuant to the Notice.  In doing so, Movants have attached their certifications attesting to their willingness to serve as representatives party of the Class and provide testimony at deposition and trial, if necessary.  *See* Seidman Decl. Ex. B.  Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs.  Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2.   <u>Movants Are The Most Adequate Lead Plaintiffs</u>

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ."  15 U.S.C. § 78u-4(a)(3)(B)(i).

---

[1] *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl.") Ex. A.

Movants believe their $69,524 loss constitutes the largest financial interest in the outcome of the action.  As such, Movants are the most adequate lead plaintiffs and should be appointed as lead plaintiffs.  *See* Ex. C to Seidman Declaration.

      a.        <u>**Movants Meet The Requirements Of Rule 23 Of The F.R.C.P.**</u>

Equally important, Movants have affirmatively shown that they satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of lead plaintiff under the PSLRA.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  *See also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion for consolidation and for designation of lead plaintiff and lead counsel).

Movants' certifications affirmatively establish that they meet the typicality requirement of Rule 23 because they: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues.  *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which other class members' claims and injuries arise").  Rule 23 does not require that the named plaintiffs be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 127 (S.D.N.Y. 1997).  A finding of commonality frequently supports a finding of typicality.  *See General Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982), *aff'd*, 815 F.2d 317 (5th Cir. 1987) (noting how the commonality and typicality requirements "merge").  Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include the following:

1.      whether the federal securities laws were violated by Defendants' acts;

2.      whether statements made by Defendants to the investing public during the Class Period contained material misrepresentations concerning the facts about Advanced Battery;

3.      whether Defendants acted knowingly or recklessly in issuing false and misleading statements; and

4.      whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movants as to all members of the purported Class. Similar to all of the other members of the Class, Movants purchased shares of Advanced Battery common stock at prices materially distorted as a result of Defendants' misrepresentations. Because Movants' claims are based on the same legal theories and "arise from the same course of conduct that gives rise to the claims of other Class members," the typicality requirement is satisfied. *See NASDAQ Market-Makers*, 172 F.R.D. at 126.

Further, Movants are uniquely able to fulfill the duties and responsibilities required to serve as lead plaintiffs. Specifically, Movants will be diligent in leading the litigation, including supervising lead counsel and directing litigation strategy and any settlement discussions to obtain the largest recovery for the Class.

## III.   MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Bernstein Liebhard as the proposed lead counsel for the Class. Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. D for the firm resume of Bernstein Liebhard. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. Indeed, THE NATIONAL LAW JOURNAL has recognized Bernstein Liebhard for six consecutive years as one of the top plaintiffs' firms in the country. Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row. Bernstein Liebhard has also been listed in THE LEGAL 500, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Sec. Litig.*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million. This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Sec. Litig.*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Sec. Litig.*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *In re Initial Pub. Offering Sec. Litig. ("IPO")*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), pending in this Court before Judge Shira A. Scheindlin.  The *IPO* litigation is one of the biggest securities class actions ever prosecuted.  On October 5, 2009, the court granted final approval to a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court:  (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Movants as lead plaintiffs for the Class in the Actions and all subsequently-filed, related actions; and (3) approve Bernstein Liebhard as lead counsel for the Class.

DATED:  May 31, 2011                            Respectfully submitted,

/s/
_____
**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
U. Seth Ottensoser
Joseph R. Seidman, Jr.
10 E. 40th Street
New York, NY  10016
Telephone: 212.779.1414
Facsimile:  212.779.3218

**Counsel for Movants and Proposed Lead Counsel for the Class**

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via ECF on May 31, 2011.

/s/_____
JOSEPH R. SEIDMAN, JR.