**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES QUAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) **No. 11 Civ. 2279-CM** |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, GUOHUA WAN, and DAN CHANG, | ) ) ) ) |
| Defendants. | ) ) |
| JAMES M. BURNS, Individually and on Behalf of All Others Similarly Situated, | ) ) **No. 11 Civ. 2354-CM** |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, | ) ) ) |
| Defendants. | ) ) |
| ARNOLD COHEN, Individually and on Behalf of All Others Similarly Situated, | ) ) **No. 11 Civ. 2849-UA** |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, | ) ) ) |
| Defendants. | ) ) |
| GEOFF CONNORS, Individually and on Behalf of All Others Similarly Situated, | ) ) **No. 11 Civ. 3098-CM** |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF RUBLE SANDERSON'S**
**MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Plaintiff Ruble Sanderson ("Sanderson") respectfully submits this memorandum in support of his motion, pursuant to 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Sanderson as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Advanced Battery Technologies, Inc. ("Advanced Battery" or the "Company"); (3) approving his selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

### PRELIMINARY STATEMENT

Four securities class actions[1] have been filed in the Southern District of New York. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Sanderson, with a loss of $453,497 in connection with his purchases of Advanced Battery during the Class Period,

---

[1] The actions are entitled: *Quan v. Advanced Battery Tech., Inc.,* 11 Civ. 2279-CM; *Burns v. Advanced Battery Tech., Inc.,* 11 Civ. 2354-CM; *Cohen v. Advanced Battery Tech., Inc.,* 11 Civ. 2849-UA; and *Connors v. Advanced Battery Tech., Inc.,* 11 Civ. 3098-CM.  The *Quan* action is on behalf of all persons who purchased or otherwise acquired Advanced Battery between March 16, 2009 and March 29, 2011.  The *Burns* action is on behalf of all persons who purchased or otherwise acquired Advanced Battery between November 24, 2008 and March 30, 2011.  The *Cohen* and *Connors* actions are on behalf of all persons who purchased or otherwise acquired Advanced Battery securities during the period between November 24, 2008 and March 29, 2011.

Given that the Advanced Battery stock price decline resulted from the disclosures occurred on March 30, 2011, the appropriate longest class period based on the cases that have been filed is between November 24, 2008 and March 29, 2011 (the "Class Period").

is adequate and typical to serve as lead plaintiff. Sanderson believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. Sanderson has the largest financial interest in the relief sought in this action by virtue of his substantial investments in Advanced Battery during the Class Period and the losses he suffered as a result of Defendants' misconduct. Sanderson further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate loss representative with claims typical of the other Class members. Accordingly, Sanderson respectfully submits that he should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

Advanced Battery develops, manufactures, and distributes rechargeable polymer lithium-ion batteries. The Company's products include rechargeable batteries for mine-use lamps, electric automobiles, motorcycles, cellular phones, notebook computers, and other personal electronic devices.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's claimed distribution relationships with certain manufacturers of electric motorcycles and scooters were false; (2) the Company reported financial statements were grossly inflated by including gross profit margins which were unrealistic for similar companies in its industry; (3) the Company paid $1.5 million to acquire a company that is non-existent; (4) the Company paid $20 million to purchase a company, but failed to disclose the related party nature of the transaction; (5) the Company paid $22 million to acquire Wuxi ZQ without disclosing that it was a bailout of a related company; (6) the Company misrepresented that it

owned a Company subsidiary when it did not, or the Company failed to disclose that it entered into a related party transaction with the Company's Chairman and CEO which resulted in the owner of that subsidiary being the Chairman and CEO, and not Advanced Battery; (7) the Company lacked adequate internal and financial controls; and (8) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On March 30, 2011, Varient View Research ("VVR") published a report concluding "that the financial statements and management of Advanced Battery cannot be trusted and therefore the stock is worth zero."  Varient claimed, among other things, that: (1) the Chairman transferred ownership of Advanced Battery's key subsidiary to himself without explanation or compensation; (2) Advanced Battery represented that it makes cutting-edge electric cars, when in fact it produces cheap scooters and bicycles; (3) and several of Advanced Battery's distribution relationships are non-existent.  The report concluded the following as to Advanced Battery:

> A self-dealing management, falsely represented business description, serial equity issuances to acquire related or poor businesses, ludicrous profitability claims, customers that cannot be verified, multiple audit problems, the list goes on and on.  This company has the dubious honor of achieving every major red flag that one looks for in a Chinese RTO fraud.

On this news, the Company's shares declined $1.50 per share, or nearly 43%, to close on March 30, 2011, at $2.01 per share, on unusually heavy trading volume.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the

actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from Advanced Battery's disclosure concerning discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records.  Accordingly, consolidation of the related actions is appropriate.  *Lintz v. Agria Corp*., 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II.    SANDERSON SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, Sanderson satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.      Sanderson Is Willing to Serve as a Class Representative

On March 18, 2011, counsel in the first filed action against the defendants, styled *Quan v. Advanced Battery, Inc.*, 11 Civ. 2279-CM, caused a notice ("Notice") to be published over Marketwire pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Advanced Battery securities that they had until May 31, 2011, to file a motion to be appointed as Lead Plaintiff.  *See* Notice attached hereto as Exhibit 1.

Sanderson has filed the instant motion pursuant to the Notice, and has attached his Certification attesting that he is willing to serve as Lead Plaintiff for the Class and is willing to provide testimony at deposition and trial, if necessary.  *See* Certification attached hereto as Exhibit 2.  Accordingly, Sanderson satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.      Sanderson Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, Sanderson believes that he has the largest financial interest of any of the movants with regard to the relief sought by the Class.  Sanderson (1) purchased 679,467 shares of Advanced Battery securities; (2) spent $2,650,213 on his purchases of Advanced Battery securities; (3) retained 260,000 shares at the end of the Class Period; and (4) as a result of the disclosure of the fraud, Sanderson suffered a loss of $453,497. *See* Chart attached hereto as Exhibit 3.

*See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997). Because Sanderson possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      Sanderson Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.*  Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.  See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

Sanderson's claims are typical of those of the Class.  He alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Advanced Battery, or omitted to state material facts necessary to make the statements they did make not misleading.  Sanderson, as did all members of the Class, purchased Advanced Battery securities during the Class Period

at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

Sanderson is an adequate representative for the Class.  There is no antagonism between his interests and those of the Class and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.  Moreover, he has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### C.      Sanderson Will Fairly and Adequately Represent Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Sanderson as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

>   (aa)    will not fairly and adequately protect the interest of the class; or

>   (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Sanderson's ability and desire to fairly and adequately represent the Class has been discussed above.  Sanderson is not aware of any unique defenses defendants could raise that

would render him inadequate to represent the Class.   Accordingly, Sanderson should be appointed Lead Plaintiff for the Class.

### III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Sanderson has selected the Pomerantz law firm as Lead Counsel.  The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume.  *See* Pomerantz Resume attached hereto as Exhibit 4.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Sanderson's counsel has the skill and knowledge which will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Sanderson's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Sanderson respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing Sanderson as Lead Plaintiff for the Class; (3) approving the Pomerantz firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  May 31, 2011
        New York, New York

Respectfully submitted,

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**

/s/ Marc I. Gross
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

***Attorneys for Ruble Sanderson***