**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
  Email: lrosen@rosenlegal.com
Phillip Kim, Esq. (PK 9384)
  Email: pkim@rosenlegal.com
Timothy W. Brown, Esq. (TB 1008)
  Email: tbrown@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES QUAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

       Plaintiff,

  v.

ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, GUOHUA WAN, AND DAN CHANG,

       Defendant.
----------------------------------------------------------------X
JAMES M. BURNS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

       Plaintiff,

  v.

ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, GUOHUA WAN,

       Defendants.
----------------------------------------------------------------X

Case No.: 11-CV-2279 (CM)

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FEDERICO SCHMID TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Case No.: 11-CV-2354 (CM)

CLASS ACTION

[*Captions continued on next page.*]

1

```
-----------------------------------------------------------X
ARNOLD COHEN, INDIVIDUALLY AND ON              Case No.: 11-CV-2849 (UA)
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,                                      CLASS ACTION

        Plaintiff,

        vs.

ADVANCED BATTERY TECHNOLOGIES, INC.,
ZHIGUO FU, GUOHUA WAN,

        Defendants.
-----------------------------------------------------------X
GEOFF CONNORS, INDIVIDUALLY AND ON             Case No.: 11-CV-3098 (CM)
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,                                      CLASS ACTION

        Plaintiff,

        vs.

ADVANCED BATTERY TECHNOLOGIES, INC.,
ZHIGUO FU, GUOHUA WAN,

        Defendants.
-----------------------------------------------------------X
```

Federico Schmid ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

  (1)  consolidating the above-captioned related actions;

  (2)  appointing Movant as Lead Plaintiff for the class of all purchasers of the common stock of Advanced Battery Technologies, Inc. ("ABAT", or the "Company") during the period between March 16, 2009 and March 29, 2011, inclusive (the "Class Period"); and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

ABAT is a Delaware Corporation with its principal executive offices located in New York, New York. ABAT, through its operating subsidiaries, purports to serve the PRC by manufacturing and marketing state of the art lithium-ion batteries and related products. At all relevant times herein, the Company's common stock was actively traded on the NASDAQ under ticker "ABAT."

On April 1, 2011 the first of these actions, *James Quan v. Advanced Battery Technologies, Inc., et al.,* 11-cv-2279 (CM), was commenced by The Rosen Law Firm, P.A. in this Court seeking remedies against ABAT under Sections 10(b) and 20(a) of the Exchange Act. That same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

Thereafter, the following related actions were filed in this Court.

| Case Name | Case No. |
|---|---|
| *James M. Burns v. Advanced Battery Technologies, Inc., et al.* | 11-CV-2354 (CM) |
| *Arnold Cohen v. Advanced Battery Technologies, Inc., et al.* | 11-CV-2849 (UA) |
| *Geoff Connors v. Advanced Battery Technologies, Inc., et al.* | 11-CV-3098 (CM) |

All the related actions allege that the Company made a number of misrepresentations in its public filings with the SEC and in its press releases. Namely, that: (1) the Company misrepresented its ownership of a key operating subsidiary; (2) that the Company misrepresented the nature and extent of its business relationships; (3) that, as a result, the Company's financial

3

statements were overstated during the Class Period; and (4) that the Company's statements concerning its business, operations, and prospects were thereby materially false and misleading at all relevant times.

On March 30, 2011, analyst firm Variant View Research published a report alleging that the Company had either misrepresented its ownership of a key operating subsidiary, or that, in the alternative, it had failed to disclose a material related party transaction. The Report further alleged that a business entity in which the Company purportedly held a 49% percent interest did not exist; and that a number of the Company's purported distributors denied selling or agreeing to sell ABAT products.

Following this news, on March 30, 2011, the Company's shares declined more than 40%, on unusually heavy volume of more than 27.1 million shares traded, from an opening price of $3.40 per share, to a closing price of $2.01 per share. As a result, plaintiffs and the class have been damaged.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15

U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege similar or identical class periods, and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     FEDERICO SCHMID SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, he should be appointed Lead Plaintiff.

### A. Federico Schmid is Willing to Serve as a Class Representative

Movant has filed the instant motion and has submitted a certification attesting to his willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Kim Decl., Ex. 2. Accordingly, the Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Federico Schmid Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Mr. Schmid purchased 333,749 shares of ABAT stock during the Class Period at a cost of $1,278,844.51; sold 328,849 of those shares for proceeds of $834,620.82; and retained the remainder of 4,900 shares. Mr. Schmid has thereby suffered losses in the amount of $435,109.69[2]. *See* Kim Decl., Ex. 3 (Movant's Loss Chart).

Mr. Schmid is not aware of any other movants that have suffered greater losses in ABAT stock during the Class Period. Accordingly, with total losses of $435,109.69, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Federico Schmid Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations

---

[2] In determining losses for held shares, Movant uses the average daily closing price of the Company's stock after the end of the Class Period to May 27, 2011 —the lookback price—which is $1.86. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

omitted).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

Movant fulfills the requirements of Rule 23.  Mr. Schmid shares substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class.  Mr. Schmid and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about ABAT's business and financial condition.  Movant, as did all of the members of the class, purchased ABAT shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute the related actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D. Federico Schmid Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Mr. Schmid's ability and desire to fairly and adequately represent the class have been discussed above, in Section C.  Movant is not aware of any unique defenses that defendants

could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Mr. Schmid as Lead Plaintiff for the class.

### III. FEDERICO SCHMID'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, The Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing Federico Schmid as Lead Plaintiff of the class; (3) approving his selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 31, 2011            Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
  Email: pkim@rosenlegal.com
Laurence M. Rosen, Esq. (LR 5733)
  Email: lrosen@rosenlegal.com
Timothy W. Brown, Esq. (TB 1008)
  Email: tbrown@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

  I hereby certify that on this, the 31st day of May, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

               /s/ Phillip Kim