## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES QUAN, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>             vs.<br><br>ADVANCED BATTERY TECHNOLOGIES, INC.; ZHIGUO FU; and GUOHUA WAN,<br><br>                        Defendants. | ECF Case<br><br>Case No. 11 Civ. 2279 (CM)<br><br>Class Action |

[Additional captions on next page]

### JERRY PEHLKE, JR.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

*Of Counsel:*

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr.
Albert Y. Chang (AC-5415)
550 West C Street, Suite 2000
San Diego, California 92101
Tel:  (619) 241-4810
Fax:  (619) 955-5318

*Attorneys for Movant Jerry Pehlke, Jr.*

Dated:  May 31, 2011

| | |
|---|---|
| JAMES M. BURNS, SR., individually and on behalf of all others similarly situated, | |
| Plaintiff, | ECF Case |
| | Case No. 11 Civ. 2354 (CM) |
| vs. | Class Action |
| ADVANCED BATTERY TECHNOLOGIES, INC.; ZHIGUO FU; and GUOHUA WAN, | |
| Defendants. | |
| ARNOLD COHEN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | ECF Case |
| | Case No. 11 Civ. 2849 (UA) |
| vs. | Class Action |
| ADVANCED BATTERY TECHNOLOGIES, INC.; ZHIGUO FU; and GUOHUA WAN, | |
| Defendants. | |
| GEOFF CONNORS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | ECF Case |
| | Case No. 11 Civ. 3098 (CM) |
| vs. | Class Action |
| ADVANCED BATTERY TECHNOLOGIES, INC.; ZHIGUO FU; and GUOHUA WAN, | |
| Defendants. | |

## INTRODUCTION

Pending in this District are the above-captioned four securities class actions (the "Related Actions") brought on behalf of shareholders of Advanced Battery Technologies, Inc. ("ABAT" or the "Company"), who purchased ABAT stock between November 24, 2008 and March 30, 2011 (the "Class Period"). Lead Plaintiff Movant Jerry Pehlke, Jr. now moves to (1) consolidate the Related Actions; (2) appoint him as lead plaintiff; and (3) approve his selection of counsel, Chapin Fitzgerald Sullivan & Bottini LLP as lead counsel.

The Court should grant Mr. Pehlke's motion based on simple application of Federal Rule of Civil Procedure 42 and 15 U.S.C. § 78u-4.  Under Rule 42, the Court should consolidate the above-captioned putative class actions against ABAT and its officers, Defendants Zhiguo Fu and Guohua Wan (collectively, "Defendants") for three reasons.  First, all actions arise from the same events: ABAT's dissemination of false and misleading statements regarding its financial condition Class Period.  Second, all complaints allege identical claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  Third, all complaints seek damages on behalf of ABAT shareholders caused by the artificially inflated prices of ABAT stock as a result of Defendants' misconduct.

Upon consolidation, the Court should apply the three-step process under Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and appoint Mr. Pehlke as lead plaintiff because:

- he has timely made a motion for appointment as lead plaintiff;
- he is the presumptive lead plaintiff since he has lost at least $$180,800.00 as a result of Defendants' misrepresentations and, to

the best of his knowledge, he has the largest financial interest in the relief sought by the Class; and

- he meets the typicality and adequacy of representation requirements under Federal Rule of Civil Procedure 23.

*See* 15 U.S.C. § 78u-4.  Furthermore, Mr. Pehlke's selection of the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as lead counsel should be approved because the firm specializes in shareholder class action litigation, has a demonstrated record of success in litigating securities class actions, and is thus well-qualified to represent the Class.

## FACTUAL BACKGROUND

### I.    These Actions Involve Identical Questions of Fact and Law

The complaints in the Related Actions contain nearly identical allegations. ABAT engages in the design, manufacture, and marketing of rechargeable polymer lithium-ion (PLI) batteries in the United States, Europe, and Asia. During the Class Period, ABAT's filings with the Securities and Exchange Commission ("SEC") contained numerous false and misleading statements about ABAT's financial condition.  Specifically, Defendants failed to disclose that ABAT:

- Reported inflated profits;

- Misstated its distribution relationships;  and

- Failed to maintain proper internal controls.

As a result of these misrepresentations, ABAT stock traded at artificially inflated prices during the Class Period.  On March 28, 2011, the truth of ABAT's false and misleading statement emerged.

As a result of this revelation, shareholders who purchased ABAT stock during the Class Period suffered damages.  The Related Actions followed, alleging

2

two causes of action under the Exchange Act:  securities fraud in violation of Section 10(b) and control person liability under Section 20(a).

## II.    Mr. Pehlke Has Timely Moved for Lead Plaintiff Appointment

On April 1, 2011, a notice was published regarding the commencement of the Related Actions.  Declaration of Albert Y. Chang ("Chang Decl.") Ex. A.  In compliance with 15 U.S.C. § 78u-4(a)(3)(A)(1), Mr. Pehlke moves for lead plaintiff appointment on May 31, 2010 – 60 days after the publication of that notice.  *See* Chang Decl. Ex. A at 1.

**ARGUMENT**

## I.    The Related Actions Should Be Consolidated

Consolidation is proper under Rule 42(a) when actions involve common questions of law or fact.  FED. R. CIV. P. 42(a); *see Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999).  Courts have broad discretion under Rule 42 to consolidate cases.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Exercising this discretion, courts have recognized that securities fraud class actions are ideally suited for consolidation under Rule 42(a) because these actions involve common parties and issues and because consolidation expedites pretrial and discovery proceedings, reduces duplication, and minimizes the costs and time expended by all persons involved.  *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

Here, the Related Actions arise from the same underlying events – ABAT's dissemination of false and misleading information regarding its financial condition during the Class Period.  All complaints allege the same causes of action against identical defendants.  As in *Aronson* and *Equity Funding*,

3

consolidation is appropriate where, as here, resolution of these claims involves the identical issues of law and fact. *See* FED. R. CIV. P. 42(a); *see also Cunha v. Hansen Natural Corp.*, Nos. ED CV 08-1249-SGL (JCx) *et al.*, 2009 U.S. Dist. LEXIS 61086, at *1 (C.D. Cal. July 13, 2009).

## II.    The Court Should Appoint Mr. Pehlke as Lead Plaintiff

### A.    The PSLRA Provides a Three-Step Process for Lead Plaintiff Appointment

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

- has either filed the complaint or made a motion in response to a notice;

- in the determination of the court, has the largest financial interest in the relief sought by the class; and

- otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B.    Mr. Pehlke's Motion Is Timely

According to the April 1, 2011 notice, the 60-day period in which Class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(II) expires on May 31, 2011. *See* Chang Decl. Ex. A at 1. Thus, Mr. Pehlke's motion is timely. In addition, Mr. Pehlke has retained competent counsel to represent him and the Class. *See* Chang Decl. Ex. D. Mr. Pehlke thus satisfies the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and approval of lead counsel considered by the Court.

### C.    Mr. Pehlke Is the Presumptive Lead Plaintiff

The PSLRA requires the Court to appoint a "lead plaintiff" in securities class actions.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The "lead plaintiff" is "the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members."  *Id.*  To identify the presumptive "most adequate plaintiff," the Court must first determine which member or group of members of the class has the largest alleged loss.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

As demonstrated in Mr. Pehlke's certification, he purchased 60,000 shares of ABAT common stock during the Class Period.  *See* Chang Decl. Ex. B at 2.  As a result of these purchases, Mr. Pehlke suffered approximately $$180,800.00 in damages.  Chang Decl. Ex. C.  To the best of his knowledge, Mr. Pehlke does not know of another ABAT shareholder who is seeking lead plaintiff appointment and who has suffered a higher amount of damages.  Thus, Mr. Pehlke is qualified to become the presumptive most adequate plaintiff.  *See Cavanaugh*, 306 F.3d at 730.

### D.    Mr. Pehlke Satisfies the Requirements of Rule 23

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc).  Rule 23(a) requires that:  (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and

adequately protect the interests of the class.  FED. R. CIV. P. 23(a).  In deciding a lead plaintiff motion, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a).  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp.  Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues.  *See In re McDermott Int'l, Inc. Sec. Litig.*, 2009 WL 579502, at *2 (S.D.N.Y. Mar. 6, 2009) (requiring only a "preliminary showing" of typicality and adequacy of representation).  This does not require that the representative claims be substantially identical to absent class members' claims; it only requires that the claims are reasonably co-extensive with those of absent class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, suffered damages as a result of purchasing the subject stock during the relevant time period at prices that were artificially inflated by defendants' alleged false and misleading statements.  *See*, *e.g.*, *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006).

Mr. Pehlke's claims are typical of those of other Class members.  He purchased ABAT stock during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions.  Like other Class members, Mr. Pehlke suffered significant damages as a result of his purchases of ABAT stock.  These shared claims satisfy Rule 23(a)(3)'s typicality requirement because they

are based on the same legal theory and arise from the same events and course of conduct as the Class claims.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when counsel for the class is competent, the representative's interests are not antagonistic to those of the absent class members, and it is unlikely that the action is collusive. Here, Mr. Pehlke is an adequate representative of the Class for two reasons. First, Mr. Pehlke's interests are clearly aligned with the interests of the members of the Class because, like other Class members, he paid artificially inflated prices for ABAT stock due to Defendants' materially false and misleading statements. There is no antagonism between Mr. Pehlke's interests and those of the putative class. Second, Mr. Pehlke has taken significant steps that demonstrate his willingness and ability to protect the interests of the Class: (1) he has executed a sworn certification detailing his Class Period transactions; (2) he has timely moved this Court for appointment as lead plaintiff; and (3) he has retained competent and experienced counsel to prosecute these claims. As discussed below, Mr. Pehlke's proposed counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. *See* Chang Decl. Ex. D. Thus, Mr. Pehlke satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion. *See* Fed. R. Civ. P. 23(a)(4).

## III.   The Court Should Approve Mr. Pehlke's Choice of Counsel

The PSLRA provides that the lead plaintiff shall, subject to court approval, select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. Pehlke has

selected the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel. The attorneys at Chapin Fitzgerald have substantial experience in prosecuting securities class actions. *See* Chang Decl. Ex. D. Indeed, Mr. Bottini, one of the firm's partners, has litigated many securities class actions in this District, including a multi-billion-dollar class action involving a feeder fund to Bernard L. Madoff's Ponzi scheme, *In re Herald, Primeo, and Thema Funds Securities Litigation*, No. 09 Civ. 0289 (RMB) (S.D.N.Y.).

## CONCLUSION

For reasons set forth above, Mr. Pehlke respectfully requests that the Court (1) consolidate the related actions; (2) appoint him as Lead Plaintiff; and (3) approve his selection of Chapin Fitzgerald Sullivan & Bottini, LLP as Lead Counsel for the class.

Dated:  May 31, 2011                          Respectfully submitted,

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr.
Albert Y. Chang (AC-5415)

s/ Albert Y. Chang
Albert Y. Chang

550 West C Street, Suite 2000
San Diego, California 92101
Telephone:  (619) 241-4810
Facsimile:  (619) 955-5318

*Attorneys for Movant Jerry Pehlke, Jr.*