IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE ADVANCED BATTERY TECHNOLOGIES, INC. SECURITIES LITIGATION | Consolidated Civil Action No. 11 Civ. 2279 (CM) |

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending before the Court entitled *In re Advanced Battery Technologies, Inc. Securities Litigation*, Consolidated Civil Action No. 11 Civ. 2279 (CM) ("Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated April 24, 2013 (the "Stipulation"), that has been entered into by Lead Plaintiff Ruble Sanderson ("Lead Plaintiff") and Defendants Advanced Battery Technologies, Inc. ("ABAT"), Zhiguo Fu and Guohua Wan (the "ABAT Defendants," collectively with Lead Plaintiff, the "Settling Parties"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Settling Parties, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement of the Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized or defined terms contained herein shall have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. In accordance with Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for settlement purposes only, a class (the "Settlement Class") is hereby certified as follows:

> All persons or entities (including their beneficiaries, successors, assigns, executors, administrators, representatives, attorneys, agents, affiliates, partners, and any persons they represent or represent them), who purchased or otherwise acquired the publicly traded securities of ABAT between May 15, 2007 and March 29, 2011, inclusive. (the "Settlement Class Period"). Excluded from the Settlement Class are anyone named as an ABAT Defendant or Auditor Defendant in this action; members of the immediate family of any such ABAT Defendant or Auditor Defendant; any entity in which any such ABAT Defendant or Auditor Defendant or family member has or had a controlling interest; the former and current officers and directors of ABAT; the legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, or any other successors-in-interest of any such excluded party. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class or whom the Court otherwise allows to be excluded.

2. With respect to the Settlement Class, this Court finds that, for settlement purposes only, the prerequisites under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Settlement Class (the "Settlement Class Members") is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members which predominate over any questions affecting only individual Settlement Class Members; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiffs' Lead Counsel have represented, and will fairly and adequately represent, the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, the Court certifies Lead Plaintiff as class representative for the Settlement Class. Pomerantz Grossman Hufford Dahlstrom & Gross LLP is hereby appointed as Lead Counsel for the Settlement Class.

4. The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5. A hearing (the "Settlement Hearing") shall be held before this Court, (which is no earlier than 100 days after the entry of this Order, on February 21, 2014, at 9:30 a.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 14C, New York, New York 10007, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether an Order and Final Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of expenses that should be awarded to Plaintiff's Lead Counsel; and to determine whether, and in what amount, any Compensatory Award to Lead Plaintiff should be approved. The Court may adjourn the Settlement Hearing without further notice to Settlement Class Members.

6. The Court approves, as to form and content, the Post Card Notice of Pendency and Proposed Settlement of Class Action (the "Post Card Notice"), the Notice of Pendency and Proposed Settlement of Class Action (the "Long Notice"), the Proof of Claim and Release form (the "Claim Form"), and Summary Notice annexed as Exhibits A-1, A-2, A-3, and A-4 hereto, and finds that the mailing and distribution of the Post Card Notice, posting of the Long Notice, and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, § 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, 28 U.S.C. § 1715, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The firm of Berdon Claims Administration LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than twenty-five (25) calendar days from date of this Order, the Claims Administrator shall:

(i) cause a copy of the Post Card Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(ii) cause the Stipulation and its exhibits, including a copy of the Long Notice and the Claim Form, substantially in the forms annexed as Exhibits A-2 and A-3 hereto, to be posted on the following website: www._____.com.

(iii) cause the Summary Notice, substantially in the form annexed as Exhibit A-4 hereto, to be published once in *Investor's Business Daily*, and on a different day shall cause the Summary Notice to be published once over the *PR Newswire*; and

(b) Prior to the Settlement Hearing, Plaintiff's Lead Counsel shall serve on the ABAT Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

8. Within five (5) calendar days from the date of this order, the ABAT Defendants shall cause ABAT's transfer records (consisting of shareholder names and addresses), to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Settlement Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded securities of ABAT during the Settlement Class Period as record owners but not as beneficial owners. Nominees who purchased or otherwise acquired the publicly traded securities

of ABAT for the benefit of another person during the Settlement Class Period are directed to, within five (5) calendar days after receipt of the Notice and Claim Form: either (a) send the Post Card Notice to all such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Post Card Notice to such beneficial owners. Such nominees may seek reimbursement of their reasonable expenses in providing notice to beneficial owners who are Settlement Class Members, which would not have been incurred except for the sending of such notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, subject to further order of this Court with respect to any dispute concerning such compensation.

9. Any person falling within the definition of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, unless such persons request exclusion from the Settlement Class ("Request for Exclusion") in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall sign and mail the request in written form by first-class mail to the Claims Administrator, postmarked no later than twenty (20) days prior to the Settlement Hearing at the address designated in the Long Notice. Such Requests for Exclusion shall clearly state: (a) the name, address, and telephone number of the person seeking exclusion; (b) each of the person's purchases, acquisitions, and sales of publicly traded securities of ABAT during the Settlement Class Period, including the date(s) of purchase, acquisition, or sale, the number(s) and type(s) of shares purchased, acquired, and/or sold, and the price(s) paid or received for each such purchase, acquisition, or sale; and (c) that the person requests to be excluded from the Settlement Class. Settlement Class Members who submit

valid and timely requests for exclusion in the manner set forth in this paragraph shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Long Notice, and shall not be bound by the Stipulation or the Order and Final Judgment.

10. Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than _thirty_ (30) calendar days after the Settlement Hearing. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Plaintiffs' Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

11. Distribution of the Net Settlement Fund to Authorized Claimants will not occur until a date specified upon further Order of the Court.

12. Any Settlement Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel.

13. All proceedings with respect to the Settling Parties are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff, nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

14. Any Settlement Class Member may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' expenses should or should not be awarded to Plaintiffs' Lead Counsel or the expenses of Lead Plaintiff reimbursed or why the Compensatory Award should or should not be awarded to Lead Plaintiff; provided, however, that no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the reimbursement of attorneys' expenses to be awarded to Lead Plaintiff or Plaintiffs' Lead Counsel, unless written objections and copies of any papers and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before twenty (20) days prior to the Settlement Hearing and copies of said objections, papers, and briefs are also served upon Murielle J. Steven Walsh, Pomerantz Grossman Hufford Dahlstrom & Gross LLP, 600 Third Avenue, New York, NY 10016; and Lee S. Shalov, McLaughlin & Stern LLP, 260 Madison Avenue, New York, NY 10016. The objections must demonstrate the objecting Person's membership in the Settlement Class, including documentation reflecting the number of ABAT securities purchased and sold during the relevant period, and contain a statement of the reasons for objection. By filing an objection, the objector consents to being deposed in his or her district of residence prior to the Settlement Hearing. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, to the Plan of Allocation, or to the award of attorneys' expenses to Plaintiffs' Counsel or the expenses of Lead Plaintiff, unless otherwise ordered by the Court.

15. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person that is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by Plaintiffs' Lead Counsel for attorneys' expenses shall be filed and served no later than fourteen days (14) calendar days prior to the Settlement Hearing, and all reply papers in support of such motions shall be filed and served no later than five (5) calendar days prior to the Settlement Hearing.

18. Neither the ABAT Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation, the costs of administration and notice, or any application for attorneys' expenses submitted by Plaintiffs' Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, Plaintiffs' Lead Counsel's proposed Expense Award, and/or any Compensatory Award to Lead Plaintiff shall be approved.

20. All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, fails to become effective pursuant to the terms of the Stipulation, or is terminated by one or all of the Settling Parties, neither the Lead Plaintiff nor

Plaintiffs' Lead Counsel shall have any obligation to repay to the ABAT Defendants or their insurers the reasonable and actual costs of notice to the Settlement Class Members, and administration.

21. In the event that a Termination Notice is tendered by Lead Plaintiff or the ABAT Defendants, or the Stipulation does not become Effective for any reason, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of the Stipulation, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed or are determined to be chargeable to the Settlement Fund for the notice and administration of the Settlement, shall be refunded by the Escrow Agent to ABAT or its insurers according to their interest, plus accrued interest attributable to that amount by wire transfer pursuant to written instructions from Defendants' Counsel.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

23. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Lead Counsel or Defendants' Counsel elects to terminate the Settlement as provided in ¶¶ 7.3 or 7.4 of the Stipulation, then the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

**IT IS SO ORDERED.**

DATED: 11/26/2013

_____
THE HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE