Case 1:11-cv-02279-CM Document 143-1 Filed 05/16/14 Page 1 of 13

5/19/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

)
IN RE ADVANCED BATTERY )
TECHNOLOGIES, INC. )  Consolidated Civil Action No.
SECURITIES LITIGATION )  11 Civ. 2279 (CM)
)

## [PROPOSED] ORDER AND JUDGMENT OF FINAL APPROVAL

WHEREAS:

(A)     On or about April 1, 2011 and thereafter, several securities class action complaints were filed in the United States District Court for the Southern District of New York (the "Court") against Advanced Battery Technologies, Inc. ("ABAT" or "the Company"), Zhiguo Fu, and Guohua Wan (referred to collectively as the "ABAT Defendants").

(B)     The complaints asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.1b-5, alleging that the ABAT Defendants, among others, made material misstatements and omissions concerning the Company's financial results, and specifically, that the Company reported inflated gross profits, net income, and profit margins, and further, misrepresented the related party nature of certain business transactions.

(C)     On September 9, 2011, the Court consolidated the related securities class actions and appointed Mr. Ruble Sanderson as Lead Plaintiff ("Lead Plaintiff") and Pomerantz LLP as Lead Counsel ("Lead Counsel").

(D)     On September 29, 2011, Lead Plaintiff filed the Corrected First Amended Consolidated Class Action Complaint ("First Amended Complaint"), naming as defendants the

ABAT Defendants, as well as ABAT's outside auditors, Bagell, Josephs, Levine & Co., LLC and Friedman LLP, and EFP Rotenberg, LLP (collectively, the "Auditor Defendants").

(E)     By Decision and Order dated August 29, 2012, the Court denied the ABAT Defendants' motion to dismiss the First Amended Complaint, but granted motions to dismiss filed by the Auditor Defendants.

(F)     On September 18, 2012, Lead Plaintiff filed a Motion for Class Certification.

(G)     On September 25, 2012, Lead Plaintiff filed a Motion for Leave to File a Second Amended Consolidated Class Action Complaint ("Second Amended Complaint").

(H)     On July 18, 2013, the Court denied Lead Plaintiff's Motion to Amend.

(I)     On October 5, 2012, the ABAT Defendants filed an Answer to the First Amended Complaint.

(J)     On April 24, 2013, Lead Plaintiff, acting on behalf of himself and a proposed Settlement Class, entered into a Stipulation and Agreement of Settlement ("Settlement Stipulation" or "Stipulation") with the ABAT Defendants to settle this Litigation on the terms provided therein. The Settlement Stipulation was subsequently amended by an Amendment No. 1 dated March 18, 2014 ("Amendment No. 1"). Capitalized terms not defined in this Order and Judgment of Final Approval ("Judgment") have the meanings ascribed to them in the Settlement Stipulation.

(K)     Pursuant to the Preliminary Approval Order entered on November 26, 2013, this Court scheduled a Settlement Hearing for February 21, 2014, at 9:30 a.m., to, *inter alia*, determine (a) whether the proposed Settlement was fair, reasonable, and adequate, and should be approved by the Court; and (b) whether a judgment substantially in the form hereof should be entered herein.

(L)     The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Post Card Notice, posting of the Long Notice and Proof of Claim and Release form, and publication of the Summary Notice.

(M)     Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on February 21, 2014, and the Court having considered all papers filed and proceedings in this Litigation and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     The provisions of the Settlement Stipulation and Amendment No. 1, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Settlement Stipulation and Amendment No. 1.

2.     This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including Settlement Class Members.

3.     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Litigation is finally certified as a class action on behalf of the following persons (the "Settlement Class"):

> All persons or entities (including their beneficiaries, successors, assigns, executors, administrators, representatives, attorneys, agents, affiliates, partners, and any persons they represent or represent them), who purchased or otherwise acquired the publicly traded securities of ABAT between May 15, 2007 and March 29, 2011, inclusive. Excluded from the Settlement Class are anyone named as an ABAT Defendant or Auditor Defendant in this action; members of the immediate family of any such ABAT Defendant or Auditor Defendant; any entity in which any such ABAT Defendant or Auditor Defendant or family member has or had a controlling interest; the former and current officers and directors of ABAT; the legal affiliates, representatives, controlling persons, predecessors-in-

interest, heirs, assigns, or any other successors-in-interest of any such excluded party.

4.      Also excluded from the Settlement Class are all persons and/or entities who excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Long Notice, their names appearing on Exhibit A hereto. They are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and/or entities may not pursue any Settlement Class Claims on behalf of those who are bound by this Judgment.

5.      The Court affirms its finding that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies the above Settlement Class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff has fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      Based on the finding that Lead Plaintiff fairly and adequately represented the interests of the Settlement Class, the Court affirms its appointment of Lead Plaintiff as the class representatives for the Settlement Class. The Court finds that Lead Counsel fairly and adequately represented the interests of the Settlement Class, and affirms its appointment of Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7.      This Court finds that the distribution of the Post Card Notice, posting of the Long Notice, and the publication of the Summary Notice, and the notice methodology, all implemented in accordance with the terms of the Settlement Stipulation and Amendment No. 1 and the Court's Preliminary Approval Order:

(a) Constituted the best practicable notice to Settlement Class Members under the circumstances of this Litigation;

(b) Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c) Were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

8.     The terms and provisions of the Settlement Stipulation and Amendment No. 1 were negotiated by the Settling Parties at arm's-length and were entered into by the Settling Parties in good faith.

9.     The Settlement set forth in the Settlement Stipulation and Amendment No. 1 is fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class taking into account, *inter alia*, the benefits to the Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; the substantial likelihood that any judgment would be uncollectible against the ABAT Defendants; and the costs of continued litigation. It shall be consummated in accordance with the terms and provisions therein, and the Lead Plaintiff and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Settlement Stipulation and Amendment No. 1.

10.     The Plan of Allocation, as described in the Post Card Notice, Long Notice and Summary Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11.     Upon the Effective Date, Lead Plaintiff and Settlement Class Members (whether or not they submit a Claim Form or share in the Net Settlement Fund), on behalf themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, fully, finally and forever released, waived, relinquished, dismissed, and discharged the Released Claims against all of the Released Persons,

and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Released Claims.

12.     Upon the Effective Date, the ABAT Defendants, on behalf themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, fully, finally and forever, released, waived, relinquished, dismissed, and discharged the Settled Defendants' Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Settled Defendants' Claims.

13.     Upon payment of the Settlement Amount to the Escrow Account by ABAT and/or the ABAT Defendants' insurance carrier, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to ABAT and the ABAT Defendants' insurance carrier pursuant to the Settlement Stipulation and Amendment No. 1 and/or further order of this Court.

14.     The ABAT Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and the ABAT Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Judgment, whether or not it becomes Final, and any statements made or proceedings taken pursuant to it:

(a) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Persons as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Lead Plaintiff in this

Litigation or the validity of any claim that has been or could have been asserted against any of the Released Persons in this Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Persons;

(b) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Persons as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Persons, or against the Lead Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiff;

(c) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Persons, the Lead Plaintiff, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Persons, the Lead Plaintiff, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Persons, the Lead Plaintiff, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Stipulation and Amendment No. 1 or this Judgment, provided, however, that, the Released Persons, the Lead Plaintiff, and any Settlement Class Member may use it to effectuate the liability protection granted

them by the Settlement Stipulation and Amendment No. 1 and may file this Judgment in any action brought against them to support an argument, defense, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith-settlement, judgment bar, reduction, or any theory of claim or issue preclusion (or similar argument, defense, or counterclaim);

(d) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Persons as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Persons that the Settlement Amount represents the amount which could or would have been received after trial;

(e) Is not, shall not be deemed to be, and may not be argued to be or offered or received against Lead Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the ABAT Defendants or any defendants in this Litigation have any merit, or that damages recoverable in this Litigation would not have exceeded the Settlement Fund; and

(f) Is not, shall not be deemed to be, and may not be argued to be or offered or received as evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Litigation, except for purposes of this Settlement.

15.    No person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on

distribution determinations or claim rejections made substantially in accordance with this Settlement Stipulation and Amendment No. 1, and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Persons, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Settlement Stipulation and Amendment No. 1, or is terminated by one or more of the Settling Parties, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Stipulation and Amendment No. 1, and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Stipulation and Amendment No. 1.

17.    In the event that the Settlement Stipulation (including Amendment No. 1) is not approved, or is terminated, canceled, or fails to become effective as provided for in the Settlement Stipulation and Amendment No. 1, including, without limitation, in the event the Order and Final Judgment is reversed or vacated or materially altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including accrued interest), less reasonable expenses actually incurred or due and owing from the Settlement Fund for the notice and administration of the Settlement pursuant to ¶ 2.10 of the Settlement Stipulation, shall be refunded to ABAT and its insurers according to their interest, plus accrued interest attributable to that amount, by wire transfer in accordance with the instructions to be provided by Defendants' Counsel within five (5) business days of the availability of the monies

from the investments authorized herein or as otherwise agreed upon in writing by Defendants' Counsel.

18.    The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Stipulation and Amendment No. 1, and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Stipulation and Amendment No. 1 are done in accordance with the terms of Paragraph 10.3 of the Settlement Stipulation and Amendment No. 1, are not materially inconsistent with this Judgment, and do not materially limit the rights of the Settlement Class Members under the Settlement Stipulation and Amendment No. 1. This Court finds that during the course of this Litigation, all Settling Parties, Lead Counsel and counsel to the ABAT Defendants at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19.    Lead Counsel are awarded reimbursement of expenses, including experts' fees and expenses, in the amount of $115,000.00, such amounts to be paid from out of the Settlement Fund. Lead Plaintiff Ruble Sanderson is awarded the sum of $3,000.00 each, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

20.    The attorneys' expenses awarded herein shall be payable from the Settlement Fund within five (5) business days of the Effective Date.

21.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' costs, interest and

reimbursement of expenses in the Litigation; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

22.     All Released Claims against the Released Persons are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation and Amendment No. 1 or this Judgment.

23.     The ABAT Defendants and all other Released Persons are discharged from all claims for contribution and all claims for indemnification, however styled, by any person or entity, whether arising under state, federal or common law, based upon, arising from, relating to, or in connection with the Released Claims settled in the Settlement Stipulation and Amendment No. 1 (together, "Contribution Claims"). Accordingly, to the fullest extent provided by law, the Court bars, enjoins, and restrains any and all Contribution Claims (a) against the ABAT Defendants and all other Released Persons, or (b) by the Auditor Defendants against any or all of the ABAT Defendants and all other Released Persons, their insurers, subrogees, or assigns, or anyone acting on behalf of the ABAT Defendants, the other Released Persons, their insurers, subrogees, or assigns. In the event Lead Plaintiff, or any Plaintiffs, seek to recover damages or any other form of monetary relief ("Damages") from any person or entity based upon, arising from, relating to, or in connection with the Released Claims in the Settlement Stipulation of Amendment No. 1, any verdict or judgment in such action in favor of Lead Plaintiff, or any Plaintiffs, shall be reduced by the greater of: (a) the amount of the recovery obtained by the Lead Plaintiff and Plaintiffs in connection with the Settlement Stipulation and Amendment No. 1; or (b) the amount of any and all of the ABAT Defendants' percentage share of responsibility for the Damages.

24.      The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Southern District of New York on $\underline{\text{19 May}}$      , 2014.

UNITED STATES DISTRICT JUDGE
THE HONORABLE COLLEEN MCMAHON